(92 South. 390)

No. 24041.

### RECKNAGLE v. UDDO BROS CO., Inc.

(June 5, 1922. Rehearing Denied by Division B June 22, 1922.)

*(Syllabus by Editorial Staff.)*

Evidence ⊙⟲588—In action for injuries from employee's alleged negligence, evidence held to support finding for defendant.

In an action for injuries claimed to have been sustained in front of defendant's place of business when an employee of defendant threw a bag of peanuts against plaintiff, evidence *held* to support the trial court's finding for defendant on the theory that plaintiff could not have received the injury in the manner claimed.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Mrs. Paul Recknagle against the Uddo Bros. Company, Inc. From a judgment for defendant, plaintiff appeals. Affirmed.

M. C. Scharff, of New Orleans, for appellant.

Theo Cotonio, of New Orleans, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. Plaintiff, a woman 45 years of age, was walking along the sidewalk on Decatur street, between Barracks and Governor Nicholls streets, in the city of New Orleans, when she was severely injured. She charges, in substance, that the injury consisted of the fracture of her kneecap, and that it was caused by a blow from a large sack, shown to contain peanuts, suddenly hurled against her, and throwing her on the pavement in front of the defendant's place of business. She further alleges that a number of sacks were stacked on both sides of the sidewalk, with an alleyway between them, and that the sack which struck her and caused the injury was thrown or swung from the gutter's edge of the sidewalk towards the entrance of defendant's premises, by an employee of defendant company, working for and under the direction of defendant. She further charges responsibility on the part of defendant as the result of the gross carelessness and negligence of its employee, and prays for damages in the sum of $10,100.

The present appeal is from a judgment refusing her demand.

Plaintiff testified to the foregoing facts alleged by her, and she further testified that she was at the time moving her household effects from one residence to another, that she was at the moment she was injured carrying a basket on one arm and holding a lamp in her hand; that a Miss Gonzales, who was helping her to move, was walking some short distance ahead of her; that after being knocked down by the sack, she was assisted to rise by defendant's employee, who addressed her in abusive language; that Miss Gonzales then came to her, held her by the arm, and helped her to walk away, and that when they reached the corner of Decatur and Barracks streets, she was suffering intense pain, that "her leg gave away and cracked and she fell." She was taken into Biri's store, from which place an ambulance

carried her to the Charity Hospital, where she remained for two months.

There is no doubt that plaintiff was injured severely, and that she has, since the accident, been unable to walk, except by the use of crutches. But the testimony in regard to the cause of her injury is very conflicting. Miss Gonzales says that, just after she had passed defendant's place, preceding plaintiff by a distance of some 10 feet, she heard plaintiff scream, she turned around and saw plaintiff down on the pavement, she went to her, and assisted her to walk to the corner, that plaintiff again screamed and fell. But she says that, plaintiff being back of her, she did not see the blow plaintiff testified to have received from the sack of peanuts. Grisafi, employee of defendant, who was identified by plaintiff as having hurled the sack of peanuts against her, says that plaintiff, on reaching the sidewalk in front of defendant's premises, appeared to be intoxicated, and with his permission she sat for a moment on a sack of peanuts, as if to rest herself, and then proceeded on her way towards the corner of Barracks street.

Some of the uncontested facts are: (1) That plaintiff was injured; (2) that the lamp which she carried in her hand was not broken in front of defendant's premises; (3) that plaintiff walked to the corner of Barracks street, either with or without the assistance of Miss Gonzales; (4) that plaintiff fell to the pavement at the corner of Decatur and Barracks streets; (5) that the lamp was broken in this fall of plaintiff; (6) that after this fall she was taken into Biri's store; and (7) that she was carried from Biri's store in an ambulance to the Charity Hospital.

Plaintiff's statement that she was struck by the bag of peanuts is not confirmed by any other witness, except to the extent that Miss Gonzales says that she heard plaintiff scream, and on turning around saw her down on the sidewalk being picked up by Grisafi. This statement is denied by the witnesses Grisafi and Tuminello. Biri, who owns a basket store near the corner, was on the sidewalk in front of his place of business, did not hear plaintiff scream, and did not see her fall in front of defendant's store, though he saw her fall at the corner, went to her assistance, and helped to bring her into his own store, from where she was taken to be carried to the hospital.

Defendant's contention is that plaintiff could not have received the injury in the manner claimed, for she could not, even with the assistance of Miss Gonzales, have walked to Barracks street, with a fractured kneecap, and that the injury was caused by plaintiff's fall at the corner of that street. That theory is plausible, and seems to be confirmed by the fact that the lamp, an article usually very frail, carried by plaintiff in her hand, did not get broken until plaintiff fell at the corner of Barracks street.

The trial judge was of the opinion that plaintiff had failed to make out a case, and we find no error in his conclusion.

The judgment appealed from is affirmed

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.